**RHOADS, Plaintiff-Appellee, v. DENNIS, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2142. Decided December 6, 1951.

Guy E. Miller, Dayton, for plaintiff-appellee.
McDonald, Hopkins & Hood, Cleveland, for defendant-appellant.

## OPINION

By THE COURT:

The appeal is on questions of law from a judgment for $2400.00, interest and costs in favor of the plaintiff-appellee against the defendant-appellant.

Five errors are assigned. The first of which is that the Court erred in finding that it had jurisdiction of the defendant. The other four errors may be grouped into the claim, that the finding and judgment are contrary to law and against the manifest weight of the evidence.

We consider the first error assigned. The defendant, a resident of Cuyahoga County, was served with summons in this case at Dayton, Montgomery County, at noon on September 30, 1949. Defendant was President of Dayton Taximeter Corporation, the place of business of which was Dayton. Prior to the service of process on defendant, the Dayton Taximeter Corporation had been adjudicated a bankrupt and an order had been made retaining the corporation as debtor in possession. Notice had been given, probably the first, to creditors and stockholders of a hearing to be held at the Federal Building in Dayton on September 30, 1949, for the consideration of a number of matters among which was "any objections that may be made to the continuance of the Debtor in possession" and an examination of the Debtor. Objection was made to the continuance of the Debtor in possession and the hearing was begun on September 30, 1949. Mr. Hopkins, counsel for defendant here, had been named by the Federal Court of the

Dayton district to represent Dayton Taximeter Corporation.

Upon the advice of his counsel, the defendant had come to Dayton to be present at the hearing in Federal Court and to testify and on the afternoon of the day of the hearing did testify for the bankrupt corporation and was cross examined.

Defendant moved to quash service of process upon him for the reason that he was exempt from such service. The motion was overruled and thereafter this exemption was set up as the first defense in the answer to the petition. At the trial the foregoing and other material facts were developed. The trial judge held against the defendant and in a written opinion, which is before us, said:

"The defendant was neither required nor was he under subpoena to appear as a witness in the Federal Court in this action and therefore, service of summons was legally had upon the defendant herein."

The question presented is ably and extensively briefed. Appellee, and the trial judge, relies upon §11519 GC which provides that:

"A witness shall not be liable to be sued, in a county in which he does not reside, by being served with a summons in such county while going, returning, or attending in obedience to a subpoena."

Defendant claims that the exemption accorded him is broader than provided in the foregoing statute. That the defendant, as President of the debtor corporation, was required by the bankruptcy act to be present at the hearing in the Federal Court and further that he was in attendance at said hearing as a witness.

This Court has already spoken on one phase of the jurisdictional question presented and unless we are prepared to reverse this case, must hold that as the defendant was a witness in attendance at the Federal Court he was protected against being subjected by summons to the jurisdiction of the Common Pleas Court in the instant action. We refer to **Hertlein v. Ennis, 3 Abs 102.** The case is cited by counsel for defendant and sought to be distinguished by counsel for plaintiff in that in the "Epitomized Opinion" as carried in the Abstract, it does not appear that the witness to whom the exemption was accorded was not in the jurisdiction under subpoena.

An examination of the opinion in full and a part of it which is not carried in the epitomized opinion makes more certain its application to our question. The first paragraph of the opinion reads:

"Ennis was a non resident of the state and voluntarily at-

tended a certain trial in Franklin County, Ohio, as a witness. He was sworn as a witness and was, therefore, held in attendance up until the close of such case.

"While he was so in attendance and before he had reasonable opportunity to depart, Ennis was served with a summons in another case brought against him in said court."

The provision now found in §11519 GC was effective when Hertlein v. Ennis was decided. As a matter of fact, it has been in our statutes since June 1, 1853. 51 O. L. 57.

In **Andrews v. Lembeck, 46 Oh St** Chief Justice Owen, at **page 43** in commenting on the antiquity of the rule granting privilege from service of process on non residents said "The authorities already cited hold that the privilege from service of summons has existed from time immemorial, and has been up-held by both the Federal and State Courts." There is a rule of interpretation that a statute will not be presumed to derrogate from or abrogate the common law. We find nothing in **§11519 GC** which indicates a purpose to limit the exemptions accorded by the common law. **Secs. 11519 GC** exempts a non resident witness upon a showing that he is in attendance in a county other than his residence in obedience to a subpoena. Nothing more is required to assure to him the privilege accorded by the section than to show that he is in attendance in obedience to a subpoena. However, the statute evinces no intention to make such condition to exemption exclusive. One who claims the exemption because he is a witness is obligated to make other and further proof of that facct than if he had been subpoenaed. But the underlying reason for the exemption applies in full force to a witness whether in the jurisdiction under subpoena or otherwise.

The record discloses that the defendant was a witness in good faith in the proceeding in Federal Court and by reason thereof he was exempt from the service of summons upon him and the Court did not obtain jurisdiction to enter the judgment which is the subject of this appeal.

We have examined the cases cited by appellant which we believe directly and inferentially support the judgment which we enter. The cases cited are **Barber v. Knowles, 77 Oh St 81; Andrews v. Lembeck, 46 Oh St 38; Re Syndicate Coal Co. v. Dixon, 25 Oh Ap 252;** Solomon v. Yokum, 10 O. N. P. (N. S.) 271; Bassett v. Gunsolus, 6 O. Dec. Repr. 1228; Langdon v. Baker, 5 O. N. P. 118; 11 University Cincinnati Law Review 398.

Appellee cites two cases. Thompson v. Montrass, et al 2 O. N. P. (N. S.) 368. The judgment in this case was grounded upon the finding that Montrass, a prisoner in the Ohio Penitentiary, was a resident of Franklin County and therefore serv-

ice being properly had upon him, it could likewise be had on the other defendants who were non-residents of Franklin County.

Piano Co. v. Krell, 12 O. D. (N. P.) 633. In this case the Court held that the non-resident witness was not exempt from service of process because his presence in the county where served was only in part because of the necessity of testifying. As it is put in the headnote:

"But where the non-resident witness comes into the jurisdiction of a Court as well upon matters foreign to his case as those pertaining to it, his coming is voluntary and he is amenable to process, for the reason that the voluntary action overrides and destroys the privilege accorded to involuntary action therein."

It clearly appears in the opinion that had the witness come into the jurisdiction where served for the sole purpose of testifying the court would have held differently. At page 633 of the opinion the trial judge said:

"If the sole and only purpose was to attend upon the case, then the involuntary aspect clearly appears, and the claimant for privilege is protected."

It fairly appears in the instant case that the defendant was in the jurisdiction of Montgomery County solely because of the necessity that he appear as an officer of the bankrupt corporation and as a witness.

We do not consider the other contention of appellant namely that the defendant as President of the bankrupt corporation was present in the status of a party or as an officer of the court. Much is to be said in favor of the claim. Indeed, it is practically conceded by appellee in his brief that if the hearing in the Federal Court was the first hearing for creditors, the defendant was present under compulsion of the law. As it is not necessary to our judgment to determine whether or not the defendant was protected as a party or an officer of the court we do not specially rule upon it.

Having determined that the court was without jurisdiction to pronounce the judgment in this case, we do not pass upon the other errors assigned for the reason that to do so, we would necessarily have to assume that the court acted with jurisdiction.

We find the first defense of the answer sustained as a matter of law and remand the cause to the trial court to dismiss the defendant upon the first defense of his answer.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.